IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00714-WYD-MJW

GRETA CAROLUS and JIM CAROLUS,
as Spouse to Greta Carolus,

Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,
GE HEALTHCARE INC., and
GE HEALTHCARE BIO-SCIENCES CORP.

Defendants.

## STIPULATED PROTECTIVE ORDER

### I.   Scope of Order

1.   Disclosure and discovery activity in this proceeding may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order").

2.   This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during this proceeding, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any Party to this proceeding (the "Producing Party") to any other party or parties (the "Receiving Party").  This

Protective Order is binding upon all the Parties to this proceeding, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers and employees, and others as set forth in this Order.

3.      Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.

4.      The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

5.      Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

6.      The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protection under the applicable legal principles to treatment as confidential.

## II.      Definitions

1.      Party.  "Party" means any of the parties in this action at the time this Order is entered, including officers and directors of such parties.  If additional parties are added, then their ability to receive CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION as set forth in this Order will be subject to them being bound, by agreement or Court Order, to this Stipulated Protective Order.

2.      Discovery Material.  "Discovery Material" means any information, document, or tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof.  To the extent that matter stored or recorded in the form of

2

electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes) ("Computerized Material") is produced by any Party in such form, the Producing Party may designate such matters as confidential by a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the media.   Whenever any Party to whom Computerized Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is produced reduces such material to hardcopy form, that Party shall mark the hardcopy form with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

3.    <u>Competitor.</u>   Competitor as that term is used in this Order shall mean any company, other than the Producing Party, that is engaged in the design and distribution of any gadolinium based contrast agent used in connection with the administration of the diagnostic tests known as MRI and/or MRA.

4.    <u>Confidential Information</u>.   "CONFIDENTIAL INFORMATION" is defined herein as information that (1) has not been made public; (2) the disclosure of which will more likely than not cause substantial harm to the business operations of the Producing Party, and (3) the designating party in good faith believes constitute trade secrets, proprietary data, confidential business information (including, but not limited to, nonpublic financial information), personal information and private information.   "CONFIDENTIAL INFORMATION" shall also include information required to be treated as confidential pursuant to United States or foreign law.

5.    <u>Highly   Confidential   Information</u>.      "HIGHLY   CONFIDENTIAL INFORMATION" is defined herein as CONFIDENTIAL INFORMATION which, if disclosed to a Competitor, could result in possible antitrust violations or substantial business harm.

3

6.    <u>Receiving Party</u>.  "Receiving Party" means a Party to this action, and all employees, agents and directors (other than Counsel) of the Party that receives Discovery Material from a Producing Party.

7.    <u>Producing Party</u>.  "Producing Party" means a Party to this action, and all directors, employees and agents (other than Counsel) of the Party or any third party that produces or otherwise makes available Discovery Material to a Receiving Party.

8.    <u>Protected Material</u>.  "Protected Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material, that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with Paragraphs III(1) and III(2) below.

9.    <u>Outside Counsel</u>.  "Outside Counsel" means any law firm or attorney who represents GENERAL ELECTRIC COMPANY, GE HEALTHCARE INC. and GE HEALTHCARE BIO-SCIENCES CORP. and who is not an employee for that company; counsel of record for Plaintiffs; and their respective support staff, including secretarial and other assistants who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

10.    <u>In-House Counsel</u>.  "In-House Counsel" means attorney employees of GENERAL ELECTRIC COMPANY, GE HEALTHCARE INC. or GE HEALTHCARE BIO-SCIENCES CORP., and their insurers.

11.    <u>Counsel</u>.  "Counsel," without another qualifier, means Outside Counsel and In-House Counsel.

4

12.   <u>Independent Expert</u>.  "Independent Expert" means an expert and/or independent consultant retained, consulted, and/or employed to advise or to assist Counsel in the preparation and/or trial of this action, and their secretarial staff who are not employed by a Party to whom it is necessary to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for the purpose of this action.

### III.   Designation of Confidential Information

1.   Any document and any portion of oral testimony produced or given in this action that the Producing Party, after review, in good faith believes contains or constitutes CONFIDENTIAL INFORMATION, pursuant to paragraph II(4) herein, may be so designated by such Producing Party.  Each such document or transcript of testimony shall be clearly and prominently marked on its face either with the legend "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  Transcript pages containing or constituting CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked "CONFIDENTIAL" on each page.   If the Receiving Party wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL INFORMATION to a person or Party not described below in Paragraph IV(2), it shall first redact all pages marked "CONFIDENTIAL."

2.   Any portion of any document or oral testimony produced or given in this action that the Producing Party, after review, in good faith believes, contains or constitutes HIGHLY CONFIDENTIAL INFORMATION, pursuant to Paragraph II(5) herein, shall be so designated by such Producing Party.  Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "HIGHLY CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" or other comparable notice.  Each page of a document containing or

5

constituting HIGHLY CONFIDENTIAL INFORMATION shall be marked "HIGHLY CONFIDENTIAL" as appropriate. Transcript pages containing or constituting HIGHLY CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked "HIGHLY CONFIDENTIAL" on each page as appropriate. If the Receiving Party wishes to show non-HIGHLY CONFIDENTIAL portions of a document or transcript containing HIGHLY CONFIDENTIAL INFORMATION to a person or Party not described below in Paragraph IV(3), it shall first redact all pages marked "HIGHLY CONFIDENTIAL."

 3. A Party in this proceeding may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any document or information produced by or testimony given by any other person or entity that the designating Party reasonably believes qualifies as the designating Party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order. If any third party produces information that any Party in good faith believes constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION of the designating Party, the Party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any Party receiving information from a third party shall treat such information as confidential during this thirty (30) day period while all Parties have an opportunity to review the information and determine whether it should be designated as confidential. Any Party designating third party information as confidential shall have the same rights as a Producing Party under this Order with respect to such information.

 4. In order to protect against unauthorized disclosure of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, and to comply with all applicable state and federal laws and regulations, the Producing Party may redact from produced documents, materials or other things, or portions thereof:

6

a.    The names, street addresses (which shall not include city and state), Social

Security, or tax identification numbers and other personally identifying information of

employees, patients, health care providers, and individuals in clinical studies or adverse

event reports. However, other general identifying information, such as patient or health

care provider numbers, shall not be redacted unless required by federal law. To the

extent a plaintiff's name is contained in any of these documents, a copy of the documents

that have not had the plaintiff's information redacted will be produced directly to Counsel

for said plaintiff;

b.    Any information relating to the Producing Party's products other than the

its Gadolinium-based contrast agent, except (a) that if the other product(s) is mentioned

in direct comparison to the Producing Party's Gadolinium-based contrast agent, the name

and information about that product may not be redacted or (b) if the redaction of the

name and information about the other product(s) would render the information pertaining

to Producing Party's Gadolinium-based contrast agent meaningless or would remove the

context of the information about Producing Party's Gadolinium-based contrast agent, the

name and information about the other product may not be redacted.

5.    Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names of any person

or persons reporting adverse experiences of patients and the names of any patients that are not

redacted shall be treated as confidential, regardless of whether the document containing such

names is designated as CONFIDENTIAL INFORMATION. No such person shall be contacted,

either directly or indirectly, based on the information so disclosed without the express written

permission of the Producing Party.

7

## IV.   Access to Protected Material

1.   <u>General</u>. A record shall be made of the names of the persons to whom disclosure of Protected Materials is made (other than to Outside Counsel). All Protected Material shall be held in the custody and control of Outside Counsel for the Receiving Party. Dissemination to the individuals set forth in Paragraphs IV(2) and IV(3) is considered to be in the custody and control of Outside Counsel.

2.   In the absence of written permission from the Producing Party or an order of the Court, any CONFIDENTIAL INFORMATION produced in accordance with the provisions of Paragraph III(1) above shall be used solely for purposes of the above-entitled litigation and its contents shall not be disclosed to any person other than:  (a) the Receiving Party; (b) Outside Counsel for the Receiving Party including necessary support personnel (including vendor agents) of Outside Counsel; (c) In-House Counsel and other employees of the Receiving Party; (d) Independent Experts and Consultants, subject to the provisions of Paragraph IV(5); (e) the individual who authored, prepared or received the information; (f) doctors who have treated the Plaintiff; and/or (g) certified court reporter taking testimony involving such CONFIDENTIAL INFORMATION.

3.   In the absence of written permission from the Producing Party or an order of the Court, any HIGHLY CONFIDENTIAL INFORMATION produced in accordance with the provisions of Paragraph III(2) above shall be used solely for purposes of the above-entitled litigation and its contents shall not be disclosed to any person other than: (a) the Receiving Party, except that if the Receiving Party is a co-Defendant and a Competitor of GE, then the Receiving Party may not Receive Highly Confidential Information; (b) Outside Counsel for the Receiving Party, including necessary support personnel of Outside Counsel (including vendor agents); (c)

8

reporters taking testimony involving such HIGHLY CONFIDENTIAL INFORMATION and their support personnel; (d) Independent Experts, subject to the provisions of Paragraph IV(5); (e) doctors who have treated the Plaintiff; and/or (f) the individual who authored, prepared, or received the information.

4.      With respect to documents produced to Plaintiffs, documents designated as "HIGHLY CONFIDENTIAL" will be treated in the same manner as documents designated "CONFIDENTIAL," except that Plaintiffs may not disclose HIGHLY CONFIDENTIAL INFORMATION to In-House Counsel, and/or current employees of any Competitor of the Producing Party.

5.      <u>Independent Experts and Consultants</u>. Subject to the provisions of this Order, all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to any independent expert who has agreed in writing or on the record of a deposition to be bound by this Order.  However, Prior to disclosing Confidential Information or Highly Confidential Information to an expert or consultant who is currently working with or for a Competitor of the Producing Party and is currently employed or consulting in connection with Gadolinium-based contrast agents, the party wishing to make such a disclosure shall provide to counsel for the Producing Party in writing, which may include by e-mail, a statement that such disclosure will be made, identifying the subject matter category of the Discovery Material to be disclosed, providing the nature of the affiliation with the Competitor entity and name of the Competitor entity, and stating the purpose of such disclosure. The notified Parties shall have ten (10) days from their receipt of the notice to deliver to the notifying Party their good faith written objections, which may include e-mail, to the expert or consultant, if any.  Absent timely objection, the expert shall be deemed approved.  Upon timely objection, disclosure to the expert

9

or consultant shall not be made. If the notifying Party desires to challenge to the notified Parties' written object to the expert or consultant, the notifying Party shall so inform the notified Parties in writing, within ten (10) days of receipt of the notified Parties written objections, of its reasons for challenging the objection. The expert or consultant shall then be deemed approved after ten (10) days from receipt of the notifying Party's timely challenge to the written objection to the independent expert or consultant, unless the notified Parties move for relief from the Court, or the Parties stipulate to an agreement. Once a motion is filed, disclosure shall not occur until the issue is decided by the Court and, if the motion is denied, the appeal period from the Court order denying the motion has expired. In making such motion, it shall be the Producing Party's burden to demonstrate good cause for preventing such disclosure.

**V.     Handling of Protected Material**

1.     Before a court reporter receives any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, he or she shall have first read this Order and agreed in writing or on the record to be bound by the terms thereof.

2.     In the event that any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition, transcript or other paper filed with the Clerk of this Court, consistent with applicable law, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be filed and kept under seal by the Clerk until further order of this Court, provided that the complete unredacted documents are furnished to the Court and attorneys for the Parties.

3.     Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of such information for use in connection with this action between

10

the Parties to the above-entitled litigation and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Order.

4.     If a Party through inadvertence produces any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. Any Producing Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or withdraw a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation from any material that it has produced consistent with Paragraphs III(1) and/or III(2), provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying Counsel for each Party in writing of such redesignation and providing replacement images bearing the appropriate description. Upon receipt of any redesignation and replacement image that designates material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the Receiving Party shall (i) treat such material in accordance

11

with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Order. It is understood that the Receiving Party's good faith efforts to procure all copies may not result in the actual return of all copies of such materials.

     5.    Use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in conjunction with examination or testimony shall be handled as follows:

          a.    A Party or present employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION produced by that Party;

          b.    A former employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION produced by that Party. If the former employee of the Producing Party is working for a Competitor of the Producing Party with respect to Gadolinium-based contrast agents at the time of the deposition, the Parties will meet and confer regarding any examination or testimony regarding CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION produced by that Party other than that which pertains to the period or periods of his or her employment and prior thereto;

          c.    A present or former consultant to a Party (other than a non-testifying litigation consultant) may be examined and may testify concerning all CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, subject to the provisions of Paragraph IV(5);

12

d.      Competitors and Non-Parties (other than plaintiff's treating physicians) may be examined and may testify concerning any document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a Producing Party that clearly appears on its face or from other documents or testimony to have been prepared by, received by or communicated to the non-Party as a result of any contact or relationship with the Producing Party, or a representative of such Party, or if testimony has disclosed such a connection; and

e.      Plaintiffs' treating physicians may be examined and may testify concerning any document containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a Producing Party.

6.      Any transcript containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be designated as containing such information on the record of such deposition, or by letter to be served on the court reporter and opposing Counsel within thirty (30) days of receipt of the transcript by the Producing Party that specifically identifies (by page and line references) those portions of the transcript that will remain confidential, or else the information shall not be subject to this Protective Order. The court reporter will indicate the portions designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and segregate them appropriately. Designations of transcripts will apply to audio, video, and other recordings of the testimony. The court reporter shall clearly mark the transcript released prior to the expiration of the thirty (30) day period as "Highly Confidential – subject to Further Confidentiality Review." Such transcripts shall be treated as HIGHLY CONFIDENTIAL INFORMATION until the expiration of the thirty (30) day period.

13

## VI.    Use of Confidential Information

1.      Persons receiving or having knowledge of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by virtue of their participation in this proceeding, or by virtue of obtaining any documents or other Protected Material produced or disclosed pursuant to this Protective Order, shall use that CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION only as permitted by this Order.

2.      Notwithstanding any other provisions hereof, nothing herein shall restrict any Party's Counsel from rendering advice to that Counsel's clients with respect to this proceeding or a related action in which the Receiving Party is permitted by this Order to use CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and, in the course thereof, relying upon such information, provided that in rendering such advice, Counsel shall not disclose any other Party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION other than in a manner provided for in this Protective Order.

3.      Nothing contained in this Protective Order shall preclude any Party from using its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in any manner it sees fit, without prior consent of any Party or the Court.

4.      Where a Party seeks to file any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION it has obtained as a result of such information being produced or disclosed in this proceeding pursuant to this Protective Order in any court, such filing shall be done under seal in accordance with and subject to other law and rules of that court. When submitting deposition testimony pursuant to this paragraph that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the submitting Party shall submit, to the

extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting Party.

5.      Counsel shall take reasonable steps to assure the security of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and will limit access to such material to those persons authorized by this Protective Order.  In particular, if Counsel for any Party makes documents produced pursuant to this Order available via the Internet, such Counsel shall take all reasonable and necessary steps to ensure that the Internet site is secure and may not be accessed by individuals who are not authorized to review CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and who have not executed the Acknowledgment described herein.

6.      Prior to the disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any person identified above, each putative recipient of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be provided with a copy of this Protective Order, which he or she shall read.  Upon reading this Protective Order, such person shall sign an Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.  Counsel to the parties, court staff and court reporters are not required to sign an acknowledgement.  These Acknowledgments are strictly confidential.  Counsel for each Party shall maintain the Acknowledgments without giving copies to the other side.  Except in the event of a violation of this Order, there will be no attempt to seek copies of the Acknowledgments or to determine the identities of persons signing them.  If the Court finds that any disclosure is necessary to investigate a violation of this Order, such disclosure will be pursuant to separate court order.  Persons who come into contact with CONFIDENTIAL INFORMATION or

15

HIGHLY CONFIDENTIAL INFORMATION for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Acknowledgements but must comply with the terms of this Order.

7.     Any Party that is served with a subpoena or other notice compelling the production of Discovery Materials produced by another Party must immediately give written notice of such subpoena or other notice to the original Producing Party.  Upon receiving such notice, the original Producing Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

8.     All Counsel shall at all times keep all notes, abstractions, or other work product derived from or containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in a manner to protect it from disclosure not in accordance with this Order, and shall be obligated to maintain the confidentiality of such work product and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other thing, or portions thereof (and the information contained therein) and information are returned and surrendered.  Nothing in this agreement requires the Receiving Party's Counsel to disclose work product at the conclusion of the case.

9.     If a Receiving Party learns of any unauthorized disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, it shall immediately (a) inform the Producing Party in writing of all pertinent facts relating to such disclosure; (b) make its best effort to retrieve all copies of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

16

10.    Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Producing Party, such attorney and any persons to whom he or she discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Order shall return and surrender any such information or copies thereof to the Producing Party at the Producing Party's expense.  Such persons shall return or surrender any Discovery Materials produced by the Producing Party and any and all copies (electronic or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that Counsel may retain their privileged communications, work product, Acknowledgments pursuant to this Order, materials required to be retained pursuant to applicable law, and all court-filed documents even though they contain Discovery Materials produced by the Producing Party, but such retained materials shall remain subject to the terms of this Protective Order.  At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, relating to or containing Discovery Materials produced by the Producing Party shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all such Discovery Materials produced by the Producing Party and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the Discovery Materials produced by the Producing Party (except for privileged communications, work product, and court-filed documents as stated above) have been delivered to the Producing Party in accordance with the terms of this Protective Order.

## VII.    Designation Not Determinative of Status

1.    A Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is

17

disclosed. A Receiving Party may challenge a Producing Party's confidentiality designation by notifying the Producing Party, in writing or voice-to-voice dialogue, of its good faith belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within fourteen (14) days, the basis of the chosen designation. If a Receiving Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party, the receiving party shall, in writing, notify the producing party that a resolution cannot be reached regarding the confidentiality designation of a document, then the Producing Party shall, within twenty one (21) days of receiving such notice from the Receiving Party, file and serve a motion that identifies the challenged material and sets forth in detail the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. If after the expiration of the twenty one (21) days the Producing Party has not filed a motion with the Court, the designation of the document subject to the dispute regarding its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation will be automatically changed. If a document was originally designated as "CONFIDENTIAL," the "CONFIDENTIAL" designation will be removed. If a document was originally designated as "HIGHLY CONFIDENTIAL," it will be designated and treated as CONFIDENTIAL INFORMATION.

18

## VIII.   Right to Further Relief

1.      Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Order.

2.      In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Designating Party may immediately apply to obtain injunctive relief against any person violating or threatening to violate any of the terms of this Protective Order, and in the event the Designating Party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the Designating Party possesses an adequate remedy at law.

## IX.   Amendment

1.      This Protective Order may be amended without leave of the Court by agreement of Outside Counsel for the Parties in the form of a written stipulation filed with the Court.

## X.   Right to Assert other Objections

1.      This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement of the Parties or by the Court.

## XI.   Miscellaneous Provisions

1.      The use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION during trial in this proceeding will be further addressed in a later agreement between the Parties, or, if they cannot reach agreement, by further order of the Court.

NEWY1\8124470.7

2.     It is expressly understood by and between the Parties that in producing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in this litigation, the Parties shall be relying upon the terms and conditions of this Protective Order.

3.     This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

4.     Notwithstanding any other provision in the Order, nothing in this Order shall affect or modify Defendants' ability to review Plaintiffs' information and report such information to any applicable regulatory agencies.


IT IS SO STIPULATED.


Dated:  September 19, 2007          BURG SIMPSON ELDRIDGE HERSH & JARDINE, P.C.

                                   S/Peter W. Burg_____


Dated: September 19, 2007          DAVIS GRAHAM & STUBBS LLP


                                   S/Charles L. Casteel_____


Dated:  September 19, 2007          DLA PIPER US LLP


                                   S/Amy Weinfeld Schulman____

20

It is so ORDERED.

ENTERED this the 24 ᵀʰ day of September, 2007.

_____
WILEY YOUNG DANIEL
United States District Judge

21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00714-WYD-MJW

GRETA CAROLUS and JIM CAROLUS,
as Spouse to Greta Carolus,

                                        Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,
GE HEALTHCARE INC., and
GE HEALTHCARE BIO-SCIENCES CORP.

                          Defendants.

---

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
### BY STIPULATED PROTECTIVE ORDER

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on _____, 2007 in *Carolus v. General Electric Co., et al.*, Case No. 07-cv-00714.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.   I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

22

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purposes of enforcing terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of these proceedings.


Date:_____


City and State where sworn and signed:_____


Printed Name:_____


Signature:_____

23