IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00714-WYD-MJW

GRETA CAROLUS AND
JIM CAROLUS,

      Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,
GE HEALTHCARE, INC., AND
GE HEALTHCARE BIO-SCIENCES CORPORATION,

      Defendants.

---

**ORDER REGARDING DEFENDANTS' MOTION TO STAY DISCOVERY, OR IN THE
ALTERNATIVE, MOTION FOR PROTECTIVE ORDER PENDING MDL
DETERMINATION (DOCKET NO. 70)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

      This matter is before the court on Defendants' Motion to Stay Discovery, or in

the Alternative, Motion for Protective Order Pending MDL Determination (docket no.

70). The court has reviewed the subject motion, response (docket no. 72), and reply

(docket no. 75). In addition, the court has taken judicial notice of the court's file and

has considered applicable Federal Rules of Civil Procedure and case law. The court

now being fully informed makes the following findings of fact, conclusions of law, and

order.

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

      Defendants request that an Order for Stay enter pending decision by the Judicial

Panel on Multidistrict Litigation ("MDL") on Plaintiffs' pending motion for MDL

Treatment before the MDL Panel.  Plaintiffs have filed a Motion for Transfer of Actions

to the Southern District of Ohio pursuant to 28 U.S.C. § 1407 for Coordinated or

Consolidated Pretrial Proceedings with the MDL Panel.  See exhibit A ("MDL Motion"

and MDL Brief,"); MDL, No. 1909-In Re Gadolinium Contrast Dyes Products Liability

Litigation.  Defendants argue that Plaintiff's Motion for MDL Treatment is likely to be

heard by the MDL Panel in January 2008, and an Order for Stay should enter until such

ruling by the MDL Panel.

       The court's inherent power to stay proceedings is discretionary and is derivative

of the court's power to manage cases to ensure just, efficient adjudication.  See Landis

v. North American Co., 299 U.S. 248, 254 (1936); Gold v. Johns-Manville Sales Corp.,

723 F.2d 1068 (3rd Cir. 1983).  There are three (3) factors that the court should

consider when deciding whether a stay is appropriate.  They are: (1) potential prejudice

to the non-moving party; (2) hardship and inequity to the moving party if the action is

not stayed; and (3) the judicial resources that would be saved by avoiding duplicative

litigation.  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997);

Franklin v. Merck & Co., Inc., 2007 WL 188264,  *2 (D. Colo. Jan. 24, 2007).

       Here, the court finds that at this stage of the litigation in the case at bar the

parties have primarily been involved with gathering and producing written discovery.

The parties are still trying to sort out corporate structure issues and have been

negotiating the production of the entire IND and NDA and well as global HIPPA

authorizations.  Both sides in the case have been working with Magistrate Judge

Watanabe in exchanging discovery in a timely and orderly fashion and consistent with the Rule 16 Scheduling Order (docket no.33). Moreover, Plaintiff Greta Carolus has alleged in the Complaint that she suffers from Nephrogenic Systemic Fibrosis ("NSF"), a debilitating and progressive disorder allegedly caused by her exposure to Defendants' gadolinium containing contrast dye, Omniscan. She further alleges that there is no cure for NSF and that she potentially faces fatal injuries as a result of her exposure to Omniscan. The court further finds that judicial economy would not be served by waiting until a decision is made by the MDL Panel since the written discovery in this case will take many months to complete and such written discovery will be necessary even if the MDL Panel grants Plaintiffs' pending motion for MDL Treatment, noting that it may take months before the MDL Panel takes action on the Plaintiffs' pending motion for MDL Treatment. Not moving forward with at least the written discovery at this stage of this litigation would be prejudicial to the non-moving party, namely, the Plaintiffs, noting the medical condition as alleged in the Complaint for Plaintiff Greta Carolus and such prejudice to Plaintiffs, at this stage of the litigation, is greater than any hardship or inequity that Defendants may suffer from going forward with written discovery. However, as to going forward with any Rule 30(b)(6) discovery depositions, this court does find that Defendants have demonstrated good cause to grant a protective order and stay any Rule 30(b)(6) depositions until after the MDL Panel rules on the Plaintiffs' pending motion for MDL Treatment in order to prevent undue expense and annoyance and also to prevent the need for duplicative depositions of such Rule 30(b)(6) witnesses.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1.  That Defendants' Motion to Stay Discovery, or in the Alternative, Motion for Protective Order Pending MDL Determination (docket no. 70) is **GRANTED IN PART AND DENIED IN PART** as follows;

2.  That the Motion (docket no. 70) is **DENIED** insofar as the parties in the case at bar **may** go forward with written discovery in the forms of interrogatories, request for production of documents, and request for admissions **only**;

3.  That the Motion (docket no. 70) is **GRANTED** insofar as the parties in the case at bar **may not** go forward with any Rule 30(b)(6) discovery depositions and **may not** go forward with depositions of other witnesses.

4.  That each party shall pay their own attorney fees and costs.

Done this 28th day of November 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE