IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00714-WYD-MJW

GRETA CAROLUS, et al.,

Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, et al.,

Defendants.

---

### ORDER REGARDING
### PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES AND CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1 (a) (DOCKET NO. 85)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion to Consolidate Related Cases and Certificate of Compliance with D.C.COLO.LCivR 7.1(a) (docket no. 85). The court has reviewed the motion, the response (docket no. 88), and the reply (docket no.96). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs seek an order from this court consolidating this action with Debra

Necas v. General Electric Co. et al., Case No. 07-CV-02542-REB-MEH, and McBride v. General Electric Co. et al., Case No. 08-CV-0047-EWN-BNB, for all purposes including trial.

    A motion to consolidate shall be decided by the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial. Moreover, rulings on motions to consolidate shall be given priority. D.C.COLO.LCivR 42.1.

    Rule 42(a) of the Federal Rules of Civil Procedures provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "The decision to consolidate is within the discretion of the court." Oppedahl & Larson v. Network Solutions, Inc., 3 F. Supp.2d 1147, 1157 (D. Colo. 1998) (citing Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978)). "In exercising its discretion, the Court should consider whether judicial efficiency is best served by consolidation." Zhu v. Countrywide Realty Co., 2001 WL 533200, *1 (D. Kan. May 10, 2001). However, "considerations of 'convenience and economy' must yield to 'a paramount concern for a fair and impartial trial.' . . . Despite common questions of law or fact, '[w]here confusion and prejudice will result, it is inappropriate for a court to order consolidation.'" Augustin v. Jablonsky, 2001 WL 770839, *15 (E.D.N.Y. Mar. 8,

2001) (citations omitted).

Plaintiffs bear the burden of showing that consolidation before this court is warranted. See Shump v. Balka, 574 F.2d at 1344.

In this case, Plaintiffs initially filed an MDL Motion pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("MDL Panel") prior to filing the subject motion to consolidate (docket no. 85). This court conducted a status conference on February 8, 2008. At the status conference, this court was informed by counsel that on January 30, 2008, the MDL Panel had recently heard oral argument on Plaintiffs' MDL Motion pursuant to 28 U.S.C. § 1407, and counsel were hopeful that a decision by the MDL Panel would likely enter within roughly 90 days from February 8, 2008. Accordingly, this court set another status conference on this case for May 6, 2008, at 9:00 a.m. At this new status conference, the court intends to address the status of the MDL Panel's decision.

Here, the court finds that Plaintiffs have failed to meet their burden of showing that consolidation before this court is warranted and that their motion is premature because of the pending MDL motion that has been argued but yet to be decided.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

   1. That Plaintiffs' Motion to Consolidate Related Cases and Certificate of Compliance with D.C.COLO.LCivR 7.1(a) (docket no. 85) is **DENIED without prejudice**; and,

2. That each party shall pay their own attorney fees and costs.

Done this 12th day of February 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE